# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| MAYFORD W. NELSON, AND WIFE, JANET V. NELSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:10-CV-155 ) VARLAN/SHIRLEY ) JURY DEMANDED |
| HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, AND BAYER CROPSCIENCE LP, | ) ) ) |
| Defendants. | ) |

## ANSWER

Defendants Home Depot U.S.A., Inc. ("Home Depot") and Bayer CropScience LP ("Bayer"), collectively referred to as "Defendants," and in response to each and every allegation contained in the Complaint states as follows:

1. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 1, and therefore, those allegations stand denied and strict proof is demanded.

2. In response to the allegations contained in Paragraph 2, Home Depot avers that it is a Delaware corporation with its principal place of business in Georgia. Home Depot admits that it operates a store located at 4710 Centerline Drive, Knoxville, Tennessee 37917 and that it may be served with process as stated in Paragraph 2.

3. The allegations contained in Paragraph 3 are admitted.

4. In response to the allegations contained in Paragraph 4, Defendants admit that the incident that is the subject of this action occurred in Knox County, Tennessee.

5. In response to the allegations contained in Paragraph 5, Defendants admit only that Plaintiff Mayford Nelson was on the premises of the Home Depot store located at 4710 Centerline Drive, Knoxville, Tennessee 37917 on March 10, 2009. Defendants are without

1

sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 5 pertaining to why Plaintiff Nelson was on said premises, and therefore, those allegations stand denied and strict proof is demanded. For further response, Defendants aver that Plaintiff's allegation that he was an invitee is a statement and/or conclusion of law that no longer has any significance under current Tennessee law.

6. In response to the allegations contained in Paragraph 6, Defendants aver that on March 10, 2009, while on the premises of the Home Depot store located at 4710 Centerline Drive, Knoxville, Tennessee 37917, a Bayer agent/employee was carefully and properly pushing a flat cart down the center main aisle of the Home Depot store when Plaintiff Mayford W. Nelson entered the center main aisle from an intersecting aisle, failed to see the flat cart, failed to yield the right of way, failed to heed verbal warnings provided by the Bayer agent/employee, and walked into the middle of the side of the flat cart, fell on the flat cart, and rolled onto the floor. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 6 pertaining to the nature and/or extent of Plaintiff Mayford W. Nelson's injuries and/or damages, and therefore, those allegations stand denied and strict proof is demanded. Any remaining allegations contained in Paragraph 6 are denied. For further response, Defendants specifically deny that they were the direct and/or proximate cause of any of Plaintiffs' alleged injuries and damages and further deny that they were negligent in any way.

7. The allegations contained in Paragraph 7 are statements and/or conclusions of law for which no response from Defendants is required.

8. The allegations contained in Paragraph 8 are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. In response to the allegations contained in Paragraph 13 (incorrectly numbered as Paragraph 11 in the Complaint), Defendants deny that they were the direct and/or proximate cause of any of Plaintiffs' alleged injuries and damages and further deny that they were negligent in any way. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 13 pertaining to the nature and/or extent of Plaintiffs' alleged injuries and/or damages, and therefore, those allegations stand denied and strict proof is demanded. Any remaining allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 (incorrectly numbered as Paragraph 12 in the Complaint) are denied.

15. For further response to the Complaint, Defendants aver that any and all allegations and/or averments not expressly admitted, denied, or explained herein are hereby expressly denied and strict proof is demanded.

## **DEFENSES**

Now having fully answered, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants, by and through counsel, hereby plead their affirmative and other defenses in this action:

1. Plaintiffs have failed to state a claim upon which relief can be granted against Defendants, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2. Defendants aver that Plaintiffs are not entitled to recover any damages from Defendants, including, but not limited to, the damages alleged in the Complaint and in the Complaint's prayer for relief.

3. Defendants aver that they did not engage in any negligence which caused or contributed to Plaintiffs' alleged damages.

4. Defendants deny that they are liable for any act which directly or proximately caused or contributed to the damages alleged to have been sustained by Plaintiffs. Defendants further deny that they are liable for any act of omission or commission which directly or proximately caused or contributed to the damages alleged to have been incurred by Plaintiffs.

5. Defendants aver that the accident or incident which is the subject matter of the Complaint was caused or brought about by a person or persons (including Plaintiffs and/or other unknown tortfeasor(s)) other than Defendants over whom Defendants had neither control nor the right to control, or resulted from some independent cause, phenomenon, misadventure, or Act of God beyond the control of Defendants and for which Defendants are not liable. Defendants therefore rely on the defense of superseding intervening cause.

6. Defendants assert that Plaintiffs are not entitled to recover because the fault attributable to Plaintiff Mayford W. Nelson in failing to exercise reasonable care for his own safety (including, but not limited to, failing to keep a proper lookout, failing to see what was in plain sight, failing to heed proper and adequate warnings, and failing to yield the right of way), Plaintiff Janet V. Nelson in failing to exercise reasonable care for her husband's safety (including, but not limited to, failing to properly guide and assist her husband as he was walking through the subject store as she would normally do), and/or other unknown tortfeasor(s) is equal to, or greater than, the percentage of any alleged fault attributable to Defendants. Defendants therefore rely on the defense of comparative fault.

7. Defendants aver that if they are found liable, which liability is denied, any such fault should be compared with that of other parties or individuals thought to be negligent and any recovery should be reduced by the percentage of fault found against such other party or parties,

4

including the fault of Plaintiffs and/or other unknown tortfeasors. Defendants again rely on the defense of comparative fault.

8. Defendants aver that they exercised reasonable care for the safety of others on the premises at all times relevant to this action.

9. Bayer avers that it was operating the subject flat cart appropriately under the circumstances.

10. Bayer avers that it attempted to warn Plaintiff Mayford W. Nelson as to the existence and location of the subject flat cart prior to the incident, but Plaintiff Mayford W. Nelson failed to heed those warnings.

11. Defendants aver that no hazardous, dangerous, and/or defective condition existed at the time and in the location of Plaintiff's alleged incident.

12. Defendants aver that they did not cause nor did they have actual or constructive notice of any alleged hazardous, dangerous, and/or defective condition, if one existed, which is denied.

13. Defendants deny that they breached any duty owed to Plaintiffs.

14. Defendants aver that if Plaintiffs have sustained injury or loss as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, illnesses, or diseases.

15. Defendants aver that Plaintiff Mayford W. Nelson voluntarily assumed the risk of injury.

16. Defendants aver that the dangerous condition, if one existed, which is denied, was open and obvious.

5

17. Defendants aver that in the event that Plaintiffs have failed to mitigate some or all of their alleged injuries and/or damages, Plaintiffs' recovery, if any, should be reduced or barred accordingly.

18. Defendants rely on all applicable statutes of limitations, if proven applicable by investigation and discovery.

19. Defendants rely upon the doctrines of estoppel, laches, and waiver to the extent applicable to the facts of this cause.

20. Defendants aver that the loss of consortium claim alleged by Plaintiff Janet V. Nelson is derivative in nature, and therefore, as a matter of law, (a) Defendants can only be held liable for Plaintiff Janet V. Nelson's loss of consortium claim if Defendants are found liable to Plaintiff Mayford W. Nelson for damages sustained by him, which is denied, and Plaintiff Janet V. Nelson is able to establish all the essential elements of her loss of consortium claim, including damages, which is also denied; and (b) any comparative fault of Plaintiff Mayford W. Nelson shall reduce or bar any recovery by Plaintiff Janet V. Nelson for loss of consortium.

21. Defendants move the Court for permission to amend this Answer and plead additional defenses and to plead their defenses more specifically at the conclusion of its investigation and discovery proceedings.

WHEREFORE, having fully answered the Complaint filed against it, Defendants pray that Plaintiffs' Complaint be henceforth dismissed with prejudice and costs, including discretionary costs, and that Defendants be granted such other relief as the Court deems appropriate. Alternatively, Defendants demand a trial by jury.

Respectfully submitted,

By: s/Kenny L. Saffles
P. Edward Pratt (BPR #012758)
Kenny L. Saffles (BPR #023870)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Attorneys for Defendants Home Depot U.S.A., Inc. and Bayer CropScience LP*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on April 19, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and all persons or parties not on the electronic filing receipt will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

C. Edward Daniel
Daniel, Pemberton, Scott & Scott, PLLP
9539 Kingston Pike
Knoxville, Tennessee 37922
(865) 531-3000

s/Kenny L. Saffles
Kenny L. Saffles